# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JEFF BROWN and SHERRI GOTHIER, Individually and as Co-Special Administrators of the Estate of KB, Deceased,<br><br>Plaintiffs,<br><br>v.<br><br>PROVIDENCE MEDICAL CENTER, MERCY MEDICAL SERVICES, INC. and BENJAMIN J. MARTIN, M.D.,<br><br>Defendants. | 8:10CV230<br><br>SCHEDULING ORDER |

On March 21, 2011, the defendants filed a "Motion for Qualified Protective Order" (Doc. 82) so as to allow the defendants to conduct discovery, i.e., obtain the decedent's medical records, in compliance with the Health Insurance Portability and Accountability Act (HIPAA) and applicable regulations. The motion, which is a discovery motion, is deficient because it does not comply with the requirements of NECivR 7.0.1(i). The rule provides:

> **Discovery Motions.** To curtail undue delay in the administration of justice, this court only considers a discovery motion in which the moving party, in the written motion, shows that after personal consultation with opposing parties and sincere attempts to resolve differences, the parties cannot reach an accord. This showing must also state the date, time, and place of the communications and the names of all participating persons. "Personal consultation" means person-to-person conversation, either in person or on the telephone. An exchange of letters, faxes, voice mail messages, or emails is also personal consultation for purposes of this rule upon a showing that person-to-person conversation was attempted by the moving party and thwarted by the nonmoving party.

Defendants are given until **March 28, 2011** to either (1) report to the court that the motion is unopposed, or (2) supplement their motion with all the information required by NECivR 7.0.1(i).

**IT IS SO ORDERED.**

**DATED March 22, 2011.**

BY THE COURT:

s/ F.A. Gossett, III
**United States Magistrate Judge**