IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JEFF BROWN, Individually and as Co-Special Adminstrators of the Estate of KB, Deceased, and SHERRI GOTHIER, Individually and as Co-Special Administrators of the Estate of KB, Deceased, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | 8:10CV230 |
| V. | ) ) | |
| PROVIDENCE MEDICAL CENTER, Wayne, Nebraska, BENJAMIN J. MARTIN, M.D., and MERCY MEDICAL SERVICES, Inc., Sioux City, Iowa, | ) ) ) ) ) ) | MEMORANDUM AND ORDER |
| Defendants. | ) | |

This matter is before the court on Defendants' Motion for Qualified Protective Order (filing 82). Defendants' motion will be granted, but only upon Defendants' submission of a modified proposed order.

**BACKGROUND**

This is a medical negligence action arising from the death of Plaintiffs' daughter, KB, following a Tonsillectomy performed at Providence Medical Center. Defendants are requesting that the court enter a qualified protective order to ensure KB's health care providers' compliance with HIPAA regulations throughout the course of this litigation. Along with their motion, Defendants submitted a proposed order for the court's consideration. The proposed order requests that counsel be permitted to use KB's protected health information ("PHI") for purposes of litigating this action and that defense counsel be allowed to have ex parte communications with KB's health care providers, without prior notice to Plaintiffs.

Plaintiffs oppose the entry of a qualified protective order, arguing that the proposed order would allow Defendants to have unfettered access to KB's health care providers and, in addition, allow Defendants to bypass the rules of discovery.

**ANALYSIS**

Pursuant to the Health Insurance Portability and Accountability Act ("HIPAA"), a health care provider is restricted from providing PHI unless a HIPAA-compliant protective order is entered. The proposed protective order submitted by Defendants complies with basic HIPAA requirements, specifically, it (a) prohibits the parties from using or disclosing PHI for any purpose other than the litigation for which such information is requested and (b) requires the PHI to be destroyed or returned at the conclusion of the litigation. *See* **45 C.F.R. § 164.512(e)(1)(v)**. Despite its compliance with these requirements, for the reasons explained below, the proposed order must be modified before it will be adopted and entered by the court.

Nebraska recognizes a limited waiver of the physician-patient privilege when the patient places his or her medical condition at issue. However, this waiver only extends to "communications relevant to an issue of the physical, mental, or emotional condition of the patient . . . after the patient's death, in any proceeding in which any party relies upon the condition as an element of his or her claim or defense." **Neb. Rev. Stat. § 27-504(4)(c)**. Defendants represent to the court that they are only interested in medical evidence from the two-month period prior to KB's death, but Defendants' proposed order is not so limited in scope. Thus, the court will grant Defendants' request for a qualified protective order. However, before the court will do so, Defendants must submit a revised order that is limited in scope to the two-month time-period prior to KB's death, specifically, November 27, 2010, through January 27, 2011.

The proposed protective order also requests that Defendants be permitted to have ex parte communications with KB's health care providers, without prior notice to Plaintiffs' counsel. There appears to be a split of opinion within jurisdictions as to whether such ex parte communications are permissible. *See* **Thomas v. Four Seasons Nursing Centers, Inc.,**

**206 F.R.D. 294, 296 (N.D. Okla. 2002)** ("In the absence of any physician-patient privilege, a party may conduct *ex parte* interviews with any doctor just as one could do with any other fact witness."); **Soto v. ABX Air, Inc., No. 07-110135, 2010 WL 4539454, at * 2 (E.D. Mich. Nov. 3, 2010)** (stating "Michigan has permitted ex parte communications with medical personnel if plaintiff waives the physician-patient privilege in medical malpractice actions."). *But see* **Smith v. Orthopedics Intern, Ltd., P.S., 244 P.3d 939, 942-43 (Wash. 2010)** (recognizing that defense counsel may not engage in ex parte contacts with a plaintiff's physicians in a personal injury action); **Weaver v. Mann, 90 F.R.D. 443 (D.C.N.D 1981)** (stating that the practice of engaging in private conversations with plaintiff's physicians is not contemplated by the discovery rules and that the practice could lead to discouraging such physicians from testifying). The parties have pointed to no law governing the court on this issue. Accordingly, after reviewing the authorities presented, the court concludes that it will allow defense counsel to have ex parte communications with KB's health care providers, only, however, after giving reasonable, advance notice to Plaintiffs' counsel. A copy of the protective order must also be provided to the health care provider prior to any ex parte communication. Additionally, the protective order must make clear that KB's health care providers are not obligated to participate in any ex parte communication and are only permitted to discuss matters within the scope of the protective order.

**IT IS ORDERED:**

1.  **Defendants' motion for a qualified protective order (filing 82) will be granted upon the submission of a proposed protective order which is modified as discussed herein. The modified proposed order must be submitted to the court by or before June 13, 2011.**

**DATED June 6, 2011.**

                **BY THE COURT:**

                **S/ F.A. Gossett**
                **United States Magistrate Judge**