## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JEFF BROWN, Individually and as Co-Special Adminstrators of the Estate of KB, Deceased, and SHERRI GOTHIER, Individually and as Co-Special Administrators of the Estate of KB, Deceased, | ) ) ) ) ) ) | |
| Plaintiffs, | ) | 8:10CV230 |
| V. | ) | |
| PROVIDENCE MEDICAL CENTER, Wayne, Nebraska, BENJAMIN J. MARTIN, M.D., and MERCY MEDICAL SERVICES, Inc., Sioux City, Iowa, | ) ) ) ) ) | QUALIFIED PROTECTIVE ORDER |
| Defendants. | ) | |

On March 21, 2011, Defendants filed a Motion for Qualified Protective Order (filing 82) requesting the entry of a qualified protective order in accordance with Health Insurance Portability and Accountability Act (HIPAA) Privacy Regulations, 45 CFR § 164.512(e). Along with their motion, Defendants submitted a proposed protective order. On June 6, 2011, this Court issued a memorandum and order informing the parties that a protective order would not be entered in this case until a revised proposed order, modified so as to conform with certain requirements, was submitted to the Court. (Filing 114.) Defendants have complied with the Court's order and, accordingly, the Court finds that the entry of a qualified protective order is now appropriate.

**IT IS ORDERED:**

1.      Defendants' Motion for a Qualified Protective Order (filing 82) is granted;

2.      The parties and their counsel of record shall be permitted to use and access KB's Protected Health Information (PHI), as defined in 45 C.F.R. 160.103 and 164.501, for the purpose of litigating this action.  This includes, but is not limited to, disclosure to the parties, their counsel of record, the attorneys' firm (i.e., attorneys, support staff, agents and consultants), the parties' insurers, experts, consultants, court personnel, court reporters, copy services, trial consultants, jurors, venire members, and other entities involved in the litigation process, and specifically permits defense counsel to use informal discovery methods, including ex parte communications with KB's health care providers after giving reasonable, advance notice to Plaintiffs and/or their counsel of record.

3.      This Qualified Protective Order only covers KB's PHI for the two-month period surrounding her death, specifically November 27, 2009 through January 27, 2010. This Qualified Protective Order does not authorize the parties and their counsel to use and access KB's PHI from outside this stated coverage period.

4.      In compliance with the HIPAA Regulations, 45 CFR § 164.512(e)(1)(v), the parties and their counsel:

        a.      are prohibited from using or disclosing KB's PHI for any purpose other than the above captioned litigation; and

2

b.	must destroy or return any document or other materials, including

originals, copies, extracts or summaries, containing KB's PHI to the appropriate health care

provider within thirty (30) days from the conclusion of the litigation, inclusive of appellate

action.

5.	The parties or their counsel must provide a copy of this Order to any health

care provider when requesting the production of KB's PHI and/or prior to any ex parte

communications.  Additionally, the parties or their counsel must inform KB's health care

providers that their participation in any ex parte communications is voluntary and limited by

the aforementioned provisions, including the coverage limitation set forth in Paragraph 3

above.

**DATED June 9, 2011.**

**BY THE COURT:**

**S/ F.A. Gossett**
**United States Magistrate Judge**