IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **JEFF BROWN, Individually and as Co-Special Adminstrators of the Estate of KB, Deceased, and SHERRI GOTHIER, Individually and as Co-Special Administrators of the Estate of KB, Deceased,** | ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | 8:10CV230 |
| V. | ) ) | |
| **PROVIDENCE MEDICAL CENTER,** Wayne, Nebraska, **BENJAMIN J. MARTIN, M.D.,** and **MERCY MEDICAL SERVICES, Inc.,** Sioux City, Iowa, | ) ) ) ) ) ) | ORDER |
| Defendants. | ) | |

Defendants filed a Motion to Compel (filing 139) requesting that the court order Plaintiffs to (1) supplement their discovery responses in accordance with Fed. R. Civ. P. 26(e); (2) amend their Disclosure of Healthcare Providers to comply with the requirements of Fed. R. Civ. P. 26(a)(2)(C); and (3) produce Plaintiff Sherri Gothier's four minor sons for deposition. In response, Plaintiffs filed a Motion for Protective Order (filing 147) requesting that the court prevent Defendants from deposing Ms. Gothier's sons or, alternatively, specify the terms to govern the depositions.

For the reasons set forth below, the court concludes that Defendants' Motion to Compel should be granted and that Plaintiffs' Motion for Protective Order should be granted, in part.

**1.      Defendants' Motion to Compel**

   *A.      Supplementation of Discovery*

Since the filing of Defendants' Motion to Compel, Plaintiffs have supplemented their discovery responses. Nevertheless, Defendants continue to maintain that Plaintiffs' discovery responses are deficient. Fed. R. Civ. P. 26(e) obligates Plaintiffs to supplement discovery responses that are incomplete or incorrect. To the extent that Plaintiffs have not fully supplemented their discovery responses in accordance with Fed. R. Civ. P. 26(e), they shall do so. Any necessary supplementation shall occur by or before October 4, 2011.

   *B.      Compliance with Rule 26(a)(2)(C)*

Defendants contend that Plaintiffs have failed to comply with Fed. R. Civ. P. 26(a)(2)(C), which establishes the disclosure requirements for expert witnesses who are not required to provide a written report. The Rule provides that such expert disclosures must state:

   (i)   the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703 or 705; and

   (ii)  a summary of the facts and opinions to which the witness is expected to testify.

Fed. R. Civ. P. 26(a)(2)(C)(i)-(ii).

Plaintiffs filed a Disclosure of Healthcare Providers (filing 101) ("Disclosure") by the expert witness disclosure deadline. Although the Disclosure identifies thirteen healthcare providers, neither it, nor Plaintiffs' later-filed Amended Disclosure of Healthcare Providers (filing 124), provides a summary of the facts and opinions to which each listed provider is expected to testify as required by Fed. R. Civ. P. 26(a)(2)(C). Plaintiffs contend that the medical records, as well as the information regarding these thirteen individuals contained in Plaintiffs' Amended Supplemental Disclosure of Non-Expert Witnesses (filing 126), is sufficient to provide Defendants with notice regarding the subject matter, facts and opinions

2

of these experts.  The court disagrees.

Although the information required under Fed. R. Civ. P. 26(a)(2)(C) "is less extensive than an expert report under 26(a)(2)(B), . . . the two forms of disclosure share the goal of increasing efficiency and reducing unfair surprise." *Skyeward Bound Ranch v. City of San Antonio*, No. SA-10-CV-0316 XR, 2011 WL 2162719, at *2 (W.D. Tex. June 1, 2011.)  The court will not place the burden on Defendants to sift through medical records in an attempt to figure out what each expert may testify to.  Moreover, the limited information contained in Plaintiffs' Amended Supplemental Disclosure of Non-Expert Witness, a document which Plaintiffs concede is not a model of clarity, is insufficient under Rule 26(a)(2)(C). Plaintiffs have an obligation to provide information regarding the expected testimony of their expert witnesses in a coherent manner. Plaintiffs shall amend their expert disclosures of healthcare providers so as to comply with Fed. R. Civ. P. 26(a)(2)(C) by or before October 4, 2011.

### C.    *Depositions of Sherri Gothier's Minor Sons*

Defendants desire to depose Plaintiff Sherri Gothier's four minor sons - ages 18, 17, 15 and 13.  Plaintiffs object to the requested depositions, and have filed a motion for a protective order seeking to bar the same.  Plaintiffs argue that the boys' testimony is irrelevant and unnecessary because Plaintiffs will not call the boys to testify at trial and, additionally, because the boys had limited interaction with KB in the days before her death. Plaintiffs further contend that deposing the boys would cause them undue emotional trauma.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." *E-P Intern. Distribution, Inc. v. A & A Drug Co.*, No. 8:07CV186, 2009 WL 2486390, at *3 (D. Neb. Aug. 12, 2009). In this suit, Plaintiffs contend that their daughter KB's death was caused by Defendants' medical negligence.  KB underwent a tonsillectomy at Providence Medical Center ("PMC") on January 18, 2010, and died just over a week later.  Plaintiffs' complaint contains statements concerning KB's condition following her surgery through her transfer from PMC on January 24, 2010, and alleges that Defendants failed to properly assess KB's condition on January 24, 2010. Defendants deny that they failed to properly assess KB's condition and affirmatively allege

that any damages were caused by the intervening actions or omissions of other individuals.

Ms. Gothier's sons, who lived in the same household as KB, were home a portion of the time between KB's surgery and her transfer to PMC on January 24, 2010. The boys' observations and interactions with KB in the week after KB's surgery is relevant to the issues in this suit. Therefore, Plaintiffs will be ordered to produce the boys for deposition.

**2.      Plaintiffs' Motion for Protective Order**

Plaintiffs' Motion for Protective Order requests that the court prevent Defendants from deposing Ms. Gothier's sons and asks that the court (1) prescribe a discovery method other than depositions; (2) specify the terms of discovery and/or (3) forbid inquiry into certain matters in order to minimize the emotional strain on the children. As explained above, Defendants are entitled to depose Ms. Gothier's sons. However, due to the sensitivity of the issues involved, as well as the boys' purported limited interaction with KB in the days before her death, the depositions will each be limited to one hour. The court believes that defense counsel can secure the desired information within this amount of time. The court trusts that defense counsel will conduct the depositions is such a way as to not cause the boys undue emotional trauma.

**IT IS ORDERED:**

1. Defendants' Motion to Compel (filing 139) is granted.

2. To the extent necessary, Plaintiffs shall supplement their discovery responses in accordance with their obligations under Fed. R. Civ. P. 26(e) by or before October 4, 2011.

3. Plaintiffs shall amend their expert disclosures of healthcare providers so as to comply with the requirements of Fed. R. Civ. P. 26(a)(2)(C) by or before October 4, 2011.

4

4. Plaintiffs' Motion for Protective Order ([filing 147](filing 147)) is granted, in part. The depositions of Plaintiff Sherri Gothier's minor sons shall each be limited to one hour in duration. In all other respects, Plaintiffs' Motion is denied.

**DATED September 27, 2011.**

        **BY THE COURT:**

        **S/ F.A. Gossett**
        **United States Magistrate Judge**