IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JEFF BROWN, and SHERRI GOTHIER, Individually and as Co-Special Administrators of the Estate of KB, Deceased,<br><br>Plaintiffs,<br><br>v.<br><br>PROVIDENCE MEDICAL CENTER (Wayne, Nebraska), MERCY MEDICAL SERVICES, (Sioux City, Iowa), and BENJAMIN J. MARTIN, M.D.,<br><br>Defendants. | CASE NO. 8:10CV230<br><br><br><br><br><br>MEMORANDUM<br>AND ORDER |

This matter is before the Court on the Plaintiffs' Motion to Reconsider and Amend Order (Filing No. 197). The Plaintiffs ask the Court to amend its Order of October 14, 2011 (Filing No. 196), in which the Court granted Plaintiffs' Motion for Voluntary Dismissal, and dismissed this action without prejudice, but placed a condition on any re-filing, *i.e.*, "Plaintiffs' payment of Defendants' reasonable attorney fees, costs, and expenses incurred in the defense of this action[.]" (*Id.* at 2.) Plaintiffs suggest that if they re-file their action at a future date and if they "agree that all work that has been done in this action can be utilized, for all purposes, in the second action, then Defendants will not have to incur additional costs and expenses, and there can be no showing of prejudice to Defendants." (Filing No. 197 at 2.) Accordingly, Plaintiffs ask that the Court amend the Order to specify that any costs and attorney fees owed by Plaintiffs at the time of re-filing be limited to those that Defendants would otherwise not have incurred if the action had proceeded to trial, or grant a hearing to determine what attorney fees and costs are owed by Plaintiffs to

Defendants in the event that Plaintiffs' claims are re-filed.  (Plaintiffs' Brief, Filing No. 198, at 7.)

Plaintiffs' Motion is construed as one to alter or amend judgment under Fed. R. Civ. P. 59(e).  "A district court has broad discretion in determining whether to grant or deny a motion to alter or amend judgment pursuant to Rule 59(e) . . . ."  *United States v. Metropolitan St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006).  "Rule 59(e) motions serve the limited function of correcting 'manifest errors of law or fact[.]'"  *Id.* (quoting *Innovative Home Health Care v. P.T.-O.T. Assoc. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998)) (internal quotation marks omitted).  "Such motions cannot be used to . . . tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment."  *Id.* (quoting *Innovative Home Health Care*, 141 F.3d at 1286).

Plaintiffs have not demonstrated that this Court made a manifest error of law or fact, and that this Court "should give fresh consideration to [their] arguments because manifest injustice would otherwise result."  *Sipp v. Astrue*, 641 F.3d 975, 981 (8th Cir. 2011).

Shortly before trial, the Plaintiffs moved the Magistrate Judge to alter a trial date that had been set for six months.  The Magistrate Judge found no good cause shown, and denied the motion.  Plaintiffs did not appeal that decision to the undersigned Judge, but simply moved for "Voluntary Dismissal," not specifying whether the dismissal should be with or without prejudice.  This Court granted the Motion for Voluntary Dismissal, and allowed the dismissal to be without prejudice, despite the Defendants' well-reasoned objections.  The Court did not require Plaintiffs to pay the Defendants' attorney fees, costs and expenses, but did condition the refiling of any claims on the payment of such.  It is not apparent whether Plaintiffs will choose to re-file any claims presented in their action.  If they

do re-file any claims, it is not apparent whether the filing will be in state or federal court. If a refiling does occur, then the judge assigned to the case will determine what award of attorney fees, costs, and expenses for the Defendants is reasonable.

IT IS ORDERED:

Plaintiffs' Motion to Reconsider and Amend Order (Filing No. 197) is denied.

DATED this 14th day of November, 2011.

BY THE COURT:


s/Laurie Smith Camp
United States District Judge